IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| § | |
| Plaintiff, § | |
| § | Criminal No. 2:16-CR-077-D |
| VS. § | |
| § | |
| GEORGE WASHINGTON HARRIS, § | |
| § | |
| Defendant. § | |

MEMORANDUM OPINION
AND ORDER

Defendant George Washington Harris ("Harris") moves for a sentence reduction under 18 U.S.C. 3582(c)(1)(A). For the reasons that follow, the court denies the motion.

I

Harris pleaded guilty to possession with intent to distribute 500 grams or more of methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A)(viii). On July 12, 2017 the court sentenced him to 188 months' imprisonment to be followed by 5 years of supervised release. On September 19, 2022 Harris filed a motion for sentence reduction under 18 U.S.C. § 3582(c)(1)(A) using form AO 250.[1]

---

[1] On September 20, 2022 the court entered an order directing the government to file a response to Harris' motion and permitting Harris to file a reply within 21 days of the filing of the government's response. The government filed its response on October 4, 2022. Harris has not filed a reply, and his motion is now ripe for a decision.

II

The court primarily denies Harris' motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act, because he has not exhausted his administrative remedies.

A district court lacks inherent authority to modify a defendant's sentence after it has been imposed. *See* 18 U.S.C. § 3582(c). But under § 3582(c)(1)(A), as amended by the First Step Act of 2018, "[a] court, on a motion by the [Bureau of Prisons ("BOP")] or by the defendant after exhausting all BOP remedies, may reduce or modify a term of imprisonment, probation, or supervised release after considering the factors of 18 U.S.C. § 3553(a), if 'extraordinary and compelling reasons warrant such a reduction.'" *United States v. Chambliss*, 948 F.3d 691, 692-93 (5th Cir. 2020) (quoting 18 U.S.C. § 3582(c)(1)(A)(i)); *see also id.* at 693 n.1. When deciding whether to modify a term of imprisonment, the court must "consider[] the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable." 18 U.S.C. § 3582(c)(1)(A). Of course, it is now well settled that "neither the policy statement" of the Sentencing Commission "nor the commentary to it binds a district court addressing a prisoner's own motion under § 3582." *United States v. Shkambi*, 993 F.3d 388, 393 (5th Cir. 2021).

As the Fifth Circuit held in *United States v. Franco*, 973 F.3d 465 (5th Cir. 2020), the language of § 3582(c)(1)(A) "is mandatory. Congress has commanded that a 'court *may not* modify a term of imprisonment' if a defendant has not filed a request with the BOP." *Id.* at 468 (quoting 18 U.S.C. § 3582(c)). "[T]he statute includes an exhaustion requirement in

recognition of the fact that 'BOP is frequently in the best position to assess, at least in the first instance, a defendant's conditions, the risk presented to the public by his release, and the adequacy of a release plan.'" *United States v. Delgado*, 2020 WL 2542624, at *1 (N.D. Tex. May 19, 2020) (Boyle, J.) (quoting *United States v. Gross*, 2020 WL 1673244, at *2 (S.D.N.Y. Apr. 6, 2020)). Accordingly, the rule in the Fifth Circuit is clear: "all requests for compassionate release must be presented to the [BOP] before they are litigated in the federal courts." *Franco*, 973 F.3d at 468.

Harris concedes in his motion that he did not submit a request for compassionate release to the warden of his facility. Accordingly, because Harris has not shown that he has exhausted his administrative remedies, as required by 18 U.S.C. § 3582(c)(1)(A), the court denies his motion.

### III

Alternatively, even if the court were to conclude that Harris had exhausted his remedies, it would deny his motion on the merits.

### A

The court first considers whether extraordinary and compelling reasons warrant a sentence reduction. In support of his motion, Harris argues that extraordinary and compelling reasons exist because his father recently passed away, which has brought on a lot of stress, and because he has suffered from a stroke and has been put on medication and FCI Edgefield, where he is incarcerated, "is not seeking for [him] to have a successful recovery." D. Mot. 5.

In light of the court's decision below that, considering the § 3553(a) factors, Harris should not be released, it will assume *arguendo* that he has demonstrated extraordinary and compelling reasons. *See, e.g.*, *United States v. Rudzavice*, 831 Fed. Appx. 731, 732 (5th Cir. 2020) (per curiam) (declining to decide whether risk of reinfection constituted extraordinary and compelling reason for compassionate release because district court did not abuse its discretion by concluding that defendant remained danger to safety of others and that his immediate release would not be in the interest of justice and would minimize the seriousness of his crimes).

B

The court now turns to the § 3553(a) factors. As noted, when deciding whether to modify a term of imprisonment, the court must "consider[] the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable." 18 U.S.C. § 3582(c)(1)(A); *see also Shkambi*, 993 F.3d at 393 ("The district court on remand is bound only by § 3582(c)(1)(A)(i) and, as always, the sentencing factors in § 3553(a)."). Under § 3553(a)(2), the court can consider such factors as "the need for the sentence imposed—(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; [and] (C) to protect the public from further crimes of the defendant[.]" "[C]onsideration of the pertinent § 3553(a) factors functions as a reliable cross-check against (and can result in the veto of) the preliminary conclusion that there are extraordinary and compelling reasons to reduce [a defendant's] sentence." *United States v. Rainwater*, 2021 WL 1610153, at *3 (N.D. Tex. Apr. 26, 2021)

(Fitzwater, J.).

The court considers the first two components of § 3553(a)(2) together. Harris is currently serving a 188-month sentence for possession with intent to distribute a large amount of methamphetamine, a drug that is extremely deleterious to users and the community at large. At the time of sentencing, he fell into criminal history category VI based on multiple prior adult convictions. He is not eligible for release from prison until June 22, 2030. If the court grants Harris' motion, it will be ordering him released over seven years before he would otherwise be eligible. Not only would Harris' release not be in the interest of justice, it would minimize the seriousness of his crime and would fail to afford adequate deterrence to this type of criminal conduct. *See Chambliss*, 948 F.3d at 694 (holding that district court did not abuse its discretion in denying compassionate release on grounds that, *inter alia*, "requiring [defendant] to serve the remainder of his sentence would 'provide just punishment for the offense' and 'afford adequate deterrence to criminal conduct'").

Concerning the need to protect the public from future crimes, Harris fails to argue or provide any evidence that he would not be a danger to the safety of any other person or the community if released. *See United States v. Crandle*, 2020 WL 2188865, at *3 (M.D. La. May 6, 2020) ("Generally, the defendant has the burden to show circumstances meeting the test for compassionate release."). Moreover, the undersigned as the sentencing judge is aware of Harris' relevant offense conduct, including his multiple prior criminal convictions, and finds that he would pose a danger to the public if granted an early release. *See United*

- 5 -

*States v. Keys*, 846 Fed. Appx. 275, 276 (5th Cir. 2021) (per curiam) (holding that district court did not abuse its discretion by relying on defendant's 30-year-old bank-robbery conviction when denying motion for compassionate release despite defendant's contention that his post-sentencing conduct showed he was no longer a danger to the public).

Weighing the pertinent § 3553(a) factors together, the court concludes that Harris is not entitled to a sentence reduction under 18 U.S.C. § 3582(c)(1)(A). *See, e.g.*, *United States v. Samak*, 832 Fed. Appx. 330, 331 (5th Cir. 2020) (per curiam) (affirming denial of motion for compassionate release and holding that district court did not abuse its discretion when it "specifically cit[ed] the nature of [defendant's] offense conduct, the need for the sentence imposed to reflect the seriousness of the offense, the need to protect the public, and the need to afford adequate deterrence to criminal conduct").

IV

Harris also requests the appointment of counsel. But a defendant has no constitutional right to appointed counsel in pursuing a motion of this type. *See United States v. Whitebird*, 55 F.3d 1007, 1010-11 (5th Cir. 1995). The decision whether to appoint counsel is within the court's discretion. *Id.* at 1011. Because Harris has failed to provide the court any grounds that persuade it to exercise its discretion to appoint counsel, the court denies his request.

\* \* \*

Accordingly, for the reasons explained, the court denies Harris' motion for sentence reduction and request for appointed counsel.

**SO ORDERED**.

December 7, 2022.

                                                                              _____
                                                                              SIDNEY A. FITZWATER
                                                                              SENIOR JUDGE